UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| V. | : | **DOCKET NO. 21-CR-721** |
| | : | |
| **HOWARD RICHARDSON** | : | |

**_DEFENDANT'S MOTION FOR BAIL PURSUANT TO 18 USC SECTION 3142_**

Defendant, Howard Richardson, by and through his attorney, Thomas C. Egan III, Esquire, hereby files Defendant's Motion for Bail Pursuant to 18 USC Section 3142 and in support thereof avers:

1. Defendant is charged with the following:

   a. Count 1: Assaulting, Resisting or Impeding Certain Officers Using a Dangerous Weapon (18 USC Section 111(a)(1)(b);

   b. Count 2: Civil Disorder (18 USC Section 231(a)(3);

   c. Count 3: Entering and Remaining in a Restricted Building or Grounds (18 USC Section 1752(a)(1);

   d. Count 4: Disorderly and Disruptive Conduct in a Restricted Building or Grounds (18 USC Section 1752(a)92);

   e. Count 5: Engaging in Physical Violence in a Restricted Building or Grounds (18 USC Section 1752(a)(4);

   f. Count 6: Disorderly Conduct in a Capitol Building (40 USC Section 5104€(2)(D);

   g. Count 7: Act of Physical Violence in the Capitol Grounds or Buildings (40 USC Section 5104€(2)(F);

    h. Count 8: Parading, Demonstrating, or Picketing in a Capitol Building (40 USC Section (e)(2)(g).

2. The charges stem from Defendant's alleged involvement in the January 6, 2021, events at the United States Capitol.

3. A video depicts the Defendant standing on one side of a police barricade with law enforcement officers on the other side of the barricade.

4. The Defendant swings his ordinary, segmented, home-type flagpole downward three times against the metal barrier.

5. It appears no officer was struck.

6. No officer was injured by Defendant's actions.

7. Defendant was pepper sprayed and retreated.

8. On 11/29/21, counsel for the Defendant received a telephone call from Detective Andrew Rathfon of the Upper Merion Township Police Department indicating these charges were filed against the Defendant.

9. Detective Rathfon requested counsel to make arrangements for Defendant's surrender on the Federal arrest warrant.

10. Counsel for the Defendant immediately contacted the Defendant by telephone.

11. Defendant agreed to surrender promptly the next morning.

12. If the Defendant surrendered, the parties had an agreement that he would receive $100,000.00 O/R bail with conditions. See Exhibit 1 attached hereto.

13. The Government provided this agreement to counsel for the Defendant via email in the late afternoon of 11/29/21, the day prior to Defendant's surrender.

14. On 11/30/21, in accordance with the agreement, the Defendant surrendered at the Federal Bureau of Investigation ("FBI") office at the Federal Courthouse complex in Philadelphia at 8:30 a.m..

15. The Defendant was processed.

16. Pretrial Services interviewed the Defendant.

17. Apparently, during the interview with Pretrial Services, the Defendant was uncertain whether he should answer some of the questions posed to him.

18. The Defendant did not have counsel present with him at the interview which is the normal protocol in the United States District Court of the Eastern District of Pennsylvania

19. The Defendant did not want to discuss his finances with Pretrial Services.

20. The Defendant denied being arrested previously.

21. The Defendant would not answer whether there were firearms present in his residence.

22. Both the Government and Pretrial Services knew Defendant's girlfriend had two (2) firearms in the residence prior to asking the question.

23. Defendant, through counsel, had already agreed to their surrender on 11/29/21 as a bail condition.

24. Because of the responses provided by the Defendant during the Pretrial Services interview, the Government sought detention of the Defendant pending trial.

25. Magistrate Timothy Rice, after a hearing on detention, ordered the Defendant detained pending trial.

26. The Defendant remains confined.

27. The Defendant urges this Court grant him bail in accordance with the agreement which was reached between the parties prior to the Defendant surrendering to federal authorities.

28. The Defendant misunderstood the Pretrial Services process based upon his representations to counsel.

29. Regarding his financial condition: The Defendant did not believe his financial condition was relevant since he already had an agreement on the financial aspects of the bail.

30. Regarding his arrest history: The Defendant has two (2) recent arrests in Pennsylvania, one (1) for assault and one (1) for possessing his lawfully owned firearm in a motor vehicle at time when he did not have a license to "carry" the firearm.

31. Defendant did not discuss these matters with Pretrial Services because he mistakenly believed that he had never been "arrested" because he was not convicted of any charges yet.

32. Those cases remain open and cannot resolve while Defendant remains in Federal custody.

33. Moreover, Defendant knew that Federal authorities were already aware of these charges.

34. Regarding the possession of firearms in the residence: The Defendant was aware that Federal authorities already knew that his long-time girlfriend legally possesses two (2) firearms.

35. There was already an understanding in place between the parties, including the Defendant, that the firearms would be surrendered to law enforcement officials as a bail condition.

36. Movant was concerned that he was infringing on his girlfriend's right to possess firearms and her ability to eventually get her firearms returned after the case was over.

37. Importantly, the Government was aware of the Defendant's arrest history, the Defendant's general financial condition and the presence of two (2) firearms in the residence ***prior to*** agreeing to O/R bail with conditions for the Defendant.

38. Magistrate Rice found that the Defendant is not a risk of non-appearance for Court.

39. Magistrate Rice also held that there was no condition or combination of conditions which would reasonably assure the safety of any other person and the community pursuant to 18 USC Section 3142(e)(1).

40. The Court must consider other factors when making the final bail determination.

    a. The Defendant is seventy-one (71) years old.

    b. Defendant is a life-long resident of the Commonwealth of Pennsylvania.

    c. Defendant served in the United States Army for three (3) years and received an honorable discharge.

    d. Defendant owns and operates a small pest control company which started in 1977.

    e. The company is the most important source of income for the Defendant as he reaches retirement.

    f. Defendant desires to sell the company and the customer lists in order to retire.

    g. However, due to his incarceration he can neither work to keep the company viable, nor negotiate the sale of the business to fund his retirement.

    h. Continued incarceration could cost the Defendant his business and the bulk of his possible funds for retirement.

    i. Defendant does not possess any firearms at his residence.

    j. Defendant's girlfriend readily agrees to surrender her firearms to law enforcement officials as part of conditions of bail for the Defendant.

    k. Defendant does not have a current United States passport.

    l. Defendant does not have any addiction ssues with alcohol or controlled substances.

    m. Defendant does not have a history of mental illness.

    n. Defendant has not been convicted of a misdemeanor or felony offense as a juvenile or as an adult.

41. The Defendant cooperated with law enforcement officials by speaking with them prior to arrest and prior to retaining counsel.

42. The Defendant complied with the request of law enforcement officials to surrender promptly, doing so less than 24 hours after being asked.

43. The Defendant is not a flight risk.

44. Release on bond, electronic home monitoring and the other conditions is appropriate.

45. The Defendant avers that the bail arrangement, which was previously agreed upon by the parties, satisfies the goals of guaranteeing the Defendant's presence for court appearances while protecting the public from future harm at the hands of the Defendant.

WHEREFORE, the Defendant respectfully requests this Honorable Court grant the Motion for Bail Pursuant to 18 USC Section 3142.

Respectfully Submitted,

/s/    Thomas C. Egan III, Esquire
Attorney I.D. No. 52530
618 Swede Street
Norristown, Pa. 19401
610-585-0201
610-277-5823 (fax)
Tom101861@aol.com

## ***VERIFICATION***

I, Thomas C. Egan III, Esquire, hereby verify that the facts contained within this Motion are true and correct to the best of my information and belief.

Date:   1/13/22

/s/   Thomas C. Egan III, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :
        v.                        :
                                  :    CRIMINAL NO.   __21-MJ-_____
    __Howard Richardson_____    :

## CONDITIONS OF RELEASE ORDER

### BAIL

Defendant is released on bail in the amount of: $ __100,000_____
    ____X____ O/R
    _____ cash
    _____ **secured by**:
        _____ % cash
        _____ property at: _____
        _____ Waiver of Clerk=s office requirements -

### PRETRIAL SERVICES

__X__   Defendant shall report to Pretrial Services:
        __X__      **as directed** by Pretrial Services.
        _____      times per week **in person**.
        _____      times per week **via telephone**.

__X__   Defendant shall attend mental health services under the guidance and supervision of Pretrial Services.
__X__   Defendant shall submit to **random drug testing** as directed by Pretrial Services.
__X__   Defendant shall undergo **drug/alcohol treatment** if necessary as determined by Pretrial Services.
__X__   Defendant shall submit to electronic monitoring at the following address:

628 Summit Street, King of Prussia, Pennsylvania 19406

____X____ This Court, based upon evidence that Defendant has adequate financial resources, finds that he/she shall pay all or part of the cost of the court-ordered monitoring program, in an amount to be specified by Pretrial Services.

_____ **Curfew.** You are restricted to your residence every day from_____ to _____, during which electronic monitoring will be in place, or as directed by the pretrial services office or supervising officer.

____X____ **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer;

_____ **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

## PASSPORT

_____X_____ Defendant shall surrender and/or refrain from obtaining a **passport**.

## TRAVEL

_____X_____ Travel is restricted to the **Eastern District of Pennsylvania.**
_____X_____ Travel is prohibited to the District of Columbia, except for purposes of court appearances or meeting with counsel.
_____X_____ Unless prior permission is granted by Pretrial Services.

## FIREARMS

_____X_____ Defendant shall surrender and/or refrain from obtaining any firearms. Any other firearms in any premises where the defendant resides while on supervised release must be removed from the premises and no firearms are to be brought into the premises during this period. The defendant shall execute a completed Prohibition on Possession of Firearms Agreement.

## MISCELLANEOUS

_____X_____ Defendant shall have no contact with **co-defendants, potential witnesses** in this case, or individuals engaged in any **criminal activity**.
_____ Defendant must maintain present **employment**.
_____ Defendant must **actively seek** gainful employment.
_____ Defendant shall undergo a **mental competency evaluation**.
_____X_____ Defendant must reside:
     at:     628 Summit Street, King of Prussia, Pennsylvania 19406

## COMPUTERS/INTERNET

_____The Defendant is subject to the following computer/internet restrictions which are to be monitored by U.S. Pretrial Services and may include manual inspection, use of minimally invasive internet detection devices, and/or installation of computer monitoring software to insure compliance with the imposed restrictions.

_____No computer: The Defendant is prohibited from possession and/or use of any computers and connected devices.

_____Computer, no internet access: The Defendant is permitted use of computers or connected devices, but is not permitted access to the Internet (as World Wide Web, FTP sites, IRC servers, instant messaging).

_____Computer with internet access: The Defendant is permitted use of computers or connected devices, is permitted access to the internet for legitimate purposes, and is responsible for any fees connected with the installation and use of monitoring software.

_____Other Residents: By consent of other residents, all computers located at the address of record shall be subject to inspection to insure the equipment is password protected.

_____ Other Restrictions:

### OTHER CONDITIONS:

As a further condition of release, defendant shall not commit a Federal, State, or local crime during the period of release.   The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than 10 years, if the offense is a felony; or a term of imprisonment of not more than 1 year, if the offense is a misdemeanor.   This sentence shall be in addition to any other sentence.

| Josh A. Davison | Thomas Egan III, Esq. |
|---|---|
| ASSISTANT U.S. ATTORNEY | DEFENSE ATTORNEY |

It is so ORDERED this _____ day of   November, 2021._____

BY THE COURT:

HONORABLE RICHARD A. LLORET
UNITED STATES MAGISTRATE COURT JUDGE