# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | EDPA CASE NO. 21-mj-1805 |
| | | D.D.C. CASE NO. 21-mj-0662 |
| HOWARD CHARLES RICHARSON | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this 3rd day of December, 2021, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) The Court finds by clear and convincing evidence that defendant is a danger to the community and that no condition, or combination of conditions, could reasonably assure the safety of the community. This is based on evidence of defendant's violent behavior with aggravated assault and threats with a firearm, and defendant's violent attack on police officers during the Capitol riot. Such a pattern of violence in three separate and unrelated incidents establishes that defendant presents a serious threat to the safety of community. His violent assault on police and unlawful attempt to interfere with a session of Congress establishes an inability to comply with the law and any conditions of supervision; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1. The offense charged is a crime of violence carrying serious penalties.

2. The weight of the evidence against the defendant is strong.

   a. The incident that led to these charges was video-recorded and the defendant's conduct can be clearly seen and evaluated.

   b. The defendant has admitted to federal law enforcement that he is the individual in the recordings, and admitted that he used a metal pole to strike a police officer.

3. The defendant's history and characteristics, including his character, past conduct, criminal history, and status on release for a different offense at the time of this offense, demonstrate that he poses a risk of danger to the community and a risk of failing to appear as required.

   a. The defendant has a recent history of escalating violent behavior.

   b. The defendant has a recent pattern of lying to law enforcement officers about his behavior.

   c. The defendant has a history of failing to abide by requirements restricting his possession and use of firearms.

4. The total maximum statutory penalty is more than 25 years in custody, and the defendant's U.S. Sentencing Guidelines range produces an advisory sentencing range of several years in custody, presenting a substantial incentive to flee.

5. There are no less restrictive conditions available that will assure the defendant's appearance as required and provide for the safety of the community.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

*s/Timothy R. Rice*
HONORABLE TIMOTHY R. RICE
United States Magistrate Judge